UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOODVIEW FINANCIAL REAL ESTATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHARLA MILLENDER, et al., <br><br> Defendants. | Case No. 15-cv-05593-KAW <br><br> **ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO REMAND TO STATE COURT** <br><br> Re: Dkt. No. 1 |

On December 8, 2015, Terral Whitfield removed this unlawful detainer action from Alameda County Superior Court. (Not. of Removal, Dkt. No. 1.)

As removal is clearly improper, and the parties have not consented to the undersigned, for the reasons set forth below, the Court reassigns this case to a district judge and recommends that the case be remanded to state court.

## I. BACKGROUND

On July 28, 2015, Plaintiff Goodview Financial Real Estate commenced this unlawful detainer action against Sharla Millender and Does 1-5 in Alameda County Superior Court. (Compl., Dkt. No. 1 at 6.) The complaint contains a single cause of action for unlawful detainer. *Id.* The case is a "limited civil case," in which Plaintiff seeks immediate possession of real property located in Hayward, California, which is presumably occupied by Terral Whitfield, as his address is the same as the subject property.[1] (Compl. ¶ 3.)

On April 16, 2015, a trustee's sale was conducted pursuant to a prior published notice of sale, and U.S. Bank, N.A., was the highest bidder. (Compl. ¶ 1.) Plaintiff is the current vested

---

[1] The notice of removal does not specify how Mr. Whitfield is a party to the instant litigation nor the interest he has in the subject property.

1  owner and bona fide purchaser pursuant to a Grant Deed that was recorded with the Alameda
2  County Recorder's Office on June 29, 2015. (Compl. ¶ 3, Ex. 2.)
3  　　　　Despite the transfer in ownership, Defendants did not vacate the Property, so Plaintiff
4  initiated the unlawful detainer process, and filed the instant lawsuit against Defendant Sharla
5  Millender and Does 1-5. (*See* Compl. ¶¶ 2, 4-9.)
6  　　　　On December 8, 2015, Terral Whitfield, presumably a doe defendant, removed the action
7  to federal court on the grounds that it presents a federal question due to a perceived deprivation of
8  rights. (Not. of Removal ¶ 3.)  Therein, Mr. Whitfield claims to have never been lawfully served
9  with the complaint. (Not. of Removal ¶ 2.)

## II.　LEGAL STANDARD

Federal courts exercise limited jurisdiction. A "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted).  A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. *See* 28 U.S.C. § 1441(a).  "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *See id.* at 566-67.

Federal district courts have original jurisdiction over actions that present a federal question or those based on diversity jurisdiction.  *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002).  Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute

between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). "[A] case may not be removed to federal court on the basis of a federal defense . . . , even if the defense is anticipated in the plaintiff's complaint . . . ." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citation omitted).

The procedure for removal of civil actions is governed by 28 U.S.C. § 1446. A notice of removal must be filed within 30 days after the receipt of the initial pleading or

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1),(3).

### III.   DISCUSSION

Defendant Terral Whitfield[2] removed this unlawful detainer action from Alameda County Superior Court on the grounds that the district court has original jurisdiction because the case concerned a "deprivation of rights."

### A.   Federal Question Jurisdiction

Defendant claims that a federal question exists due to a perceived, yet unspecified, "deprivation of rights." (Not. of Removal ¶ 3.) A defendant's rights in an unlawful detainer action depend on the interpretation of state law. Further, Defendant has not shown why the resolution of Plaintiff's unlawful detainer claim will turn on a substantial question of federal law. In fact, it seems that any such showing is unlikely, as Plaintiff allegedly purchased the property in which Defendant resides through the foreclosure process and is entitled to obtain possession of the premises. The complaint, therefore, fails to present a federal question or a substantial question of federal law.

Moreover, Defendant's vague assertion that he has experienced a deprivation of rights does not alter this analysis. First, the well-pleaded complaint rule prevents the Court from considering

---

[2] The undersigned notes that named defendant Sharla Millender did not join in or consent to the removal as required by 28 U.S.C. § 1446(b)(2)(A). It is unclear, however, whether she was properly served. Thus, for the purposes of this report and recommendation, the court will assume that Ms. Millender was not required to join in the removal.

3

1  any additional claims, such that a defendant cannot create federal question jurisdiction by adding
2  claims or defenses to a notice of removal.  *See Provincal Gov't of Marinduque v. Placer Dome,*
3  *Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009); *see also McAtee v. Capital One*, *F.S.B.*, 479 F.3d 1143,
4  1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit
5  removal).  Here, Defendant's reference to a "deprivation of rights" does not establish federal
6  question jurisdiction in this matter, because the complaint raises only a state law claim for
7  unlawful detainer.  Thus, Defendant's contention that there is a federal question at issue in this
8  litigation is misplaced.
9  Lastly, the limited scope of unlawful detainer proceedings precludes cross-complaints or
10 counterclaims.  *See Knowles v. Robinson*, 60 Cal. 2d 620, 626-27 (1963).  Thus, to the extent that
11 Defendant's assertions could be contained in any such filing, they would, nonetheless, fail to
12 introduce a basis for federal question jurisdiction.

### B. Diversity Jurisdiction

District courts also have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).  When federal subject-matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Under the forum defendant rule, "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

As discussed above, this action is not removable on the basis of federal question jurisdiction.  Therefore, the only remaining removal basis would be diversity between Plaintiff, whose citizenship is unknown, and Defendant, a citizen of California, who appears to reside in the subject property in Hayward, California.  In such situations, the forum defendant rule applies, and an action may not be removed to the district court if any properly served defendant is a citizen of California.  As Defendant is a citizen of California, the state in which this action was brought, this case is not removable on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b).

4

### C. Timely Filing of Notice of Removal

Generally, a defendant seeking to remove an action to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading, or within thirty days after the service of summons upon the defendant, whichever is shorter. 28 U.S.C. § 1446(b). Here, the underlying state court pleading was filed on July 28, 2015. The notice of removal was filed on December 8, 2015. Defendant, however, claims that he was not properly served with the complaint. Thus, for the purposes of this report and recommendation, the undersigned will consider the notice of removal timely. Notwithstanding, as discussed above, subject matter jurisdiction over the lawsuit does not exist to permit the district court to adjudicate the lawsuit.

### IV. CONCLUSION

For the reasons set forth above, the Court reassigns this action to a district judge with the recommendation that the action be REMANDED to state court for further proceedings.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: January 15, 2016

KANDIS A. WESTMORE
United States Magistrate Judge